UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| In re: | Case No. 25-40540 |
|---|---|
| Ali Mehralian, | Chapter 13 |
| Debtor. | |

## ORDER

This above-referenced case was dismissed on March 25, 2025 based on the Court's finding that the Debtor was ineligible to be a debtor in this case pursuant to 11 U.S.C. § 109(g)(2). ECF No. 40. The case remained open while the Court determined whether the automatic stay went into effect in this case and whether the Court would bar the Debtor from a future filing. On April 14, 2025, the Court determined that the automatic stay did not go into effect in this case. ECF No. 54. The Court now addresses the issue of whether the Debtor would be barred from a future filing.

### UNDISPUTED FACTS

The facts relevant to this order are all undisputed and come from the dockets of the various cases filed by the Debtor.

The Debtor is a serial filer. In the last six months alone, he has filed three bankruptcy cases. Beyond his three most recent cases, the Debtor has filed nine other cases since July 5, 1995. He has been barred from filing on at least two prior occasions (Case No. 21-40898, dismissed with a bar from filing until June 2022 at ECF No. 25; Case No. 22-41643, dismissed with a bar from filing until January 2024 at ECF No. 57).

Of the recent cases, Case No. 24-32802 ("Case 1") was filed on October 28, 2024 and dismissed on December 10, 2024 under 11 U.S.C. § 109(h) because the Debtor did not complete all required portions of the credit counseling course. ECF No. 38 in Case 1. Case No. 24-43384

("Case 2") was filed on December 10, 2024. The Debtor moved to voluntarily dismiss this case on February 25, 2025 and the Court granted the motion to dismiss on March 6, 2025. ECF Nos. 55, 63 in Case 2. Case No. 25-40540 ("Case 3"), this case, was filed on February 25, 2025—nine days before Case 2 was even dismissed.

By filing the recent cases, the Debtor attempted to receive the benefit of the automatic stay with respect to real property at 905 Arkwright Street in St. Paul, in which he resided at the time of the filings and is owned by Dinh Thong. The Debtor filed Case 1 on the eve of an eviction hearing. ECF Nos. 17, 23 in Case 1. Ms. Thong sought relief from stay on November 7, 2024. ECF No. 17 in Case 1. Before the motion for relief from stay was decided, the Court dismissed the case. ECF No. 38 in Case 1.

In Case 2, Ms. Thong sought relief from the automatic stay on February 4, 2025. ECF No. 43 in Case 2. The Court held a hearing on Ms. Thong's motion for relief from stay on February 25, 2025. The next day, the Court entered an order denying Ms. Thong's motion for relief from stay as moot because, pursuant to 11 U.S.C. § 362(c)(3)(A), the stay terminated 30 days after the filing of Case 2 (as Case 1 was pending within the preceding year and no motion to extend the stay was filed pursuant to 11 U.S.C. § 362(c)(3)(B)). ECF No. 54 in Case 2. Accordingly, there was no relief to be granted due to the stay having already terminated. The Debtor moved to voluntarily dismiss Case 2 on February 25, 2025 (the motion is date-stamped as received on February 25, 2025 and was filed to the docket on February 26, 2025). ECF No. 55 in Case 2. The same day, the Debtor filed Case 3. In Case 3, Ms. Thong sought an order confirming the stay was not in effect. ECF No. 14 in Case 3.

On March 24, 2025, Case 3 came before the Court for a hearing on the Chapter 13 Trustee's motion to dismiss and an order to show cause regarding the Debtor's eligibility to be a debtor pursuant to 11 U.S.C. § 109(g)(2). ECF Nos. 24, 26 in Case 3. Section 109(g)(2) provides that a

2

debtor is ineligible to file a future case for 180 days if the debtor voluntarily dismissed a prior case following a request for relief from the automatic stay. At the hearing, the Debtor did not dispute that: 1) he was a debtor in a prior case within the preceding 180 days; 2) there was a request for relief from the automatic stay in the prior case; and 3) he voluntarily dismissed his prior case following the filing of a request for relief from the automatic stay. ECF No. 40 in Case 3. Accordingly, the Court determined that he was ineligible to be a Debtor pursuant to 11 U.S.C. § 109(g)(2) and dismissed Case 3 on March 25, 2025. Id. The Court subsequently determined the stay was not in effect in Case 3 with respect to Ms. Thong's secured claim pursuant to 11 U.S.C. § 362(b)(21)(A), which states the stay does not apply to enforce any lien against or security interest in real property if the debtor is ineligible to be a debtor under § 109(g). ECF No. 54 in Case 3.

Case 3 was filed under Chapter 13 of the Bankruptcy Code. A debtor must be able to make plan payments in a Chapter 13 case. The Debtor filed applications to waive the Chapter 7 filing fee in Case 1 and Case 2. These applications show a monthly net income of $1,559.00 and expenses of $2,240.00. ECF No. 3 in Case 1 and ECF No. 4 in Case 2. In Case 3, it does not appear the Debtor could propose a confirmable plan, given a monthly net cash flow of negative $179.00. (His plan, ECF No. 20, provides for $1,330.00 in monthly payments, but his schedules, ECF No. 19, show a monthly income of $1,759.00 and a monthly net income after expenses of -$179.00). Prior to the dismissal of Case 3 under 11 U.S.C. § 109(g)(2), the Chapter 13 Trustee brought a motion to dismiss for cause under 11 U.S.C. § 1307(c) for failure to propose or obtain a confirmable plan. ECF No. 24 in Case 3.

## DECISION

The Court has the power to prohibit a debtor from further bankruptcy filings for more than 180 days under 11 U.S.C. §105(a) and 11 U.S.C. §349(a). In re Marshall, 407 B.R. 359, 363 (B.A.P. 8th Cir. 2009). In the Eighth Circuit, courts have barred debtors when "serial filings abuse

3

the bankruptcy process and cannot be prevented by an injunction under § 109(g)." Id. Further, pursuant to 11 U.S.C. §727(a)(8), the Debtor is not eligible for a Chapter 7 discharge until March 2, 2026 because he received a discharge on March 2, 2018 in Case No. 17-43509.

All the facts regarding the Debtor's serial filing history are undisputed. As such, no evidentiary hearing is needed. The Debtor's serial filing history is reason enough to bar him from a future filing. But given his repeated attempts to invoke the automatic stay as to one creditor and his lack of eligibility to receive a Chapter 7 discharge, it is clear he should be barred until he is eligible for a discharge. Therefore, based on the record,

**IT IS ORDERED:**

1. The Debtor is barred from filing a bankruptcy petition prior to **March 2, 2026**.

Dated: *May 27, 2025*

BY THE COURT:

s/ William J. Fisher

William J. Fisher
United States Bankruptcy Judge